UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEON ROBINSON,

                Plaintiff,

-against-

CHO FAMILIA DYNASTIA, INC. d/b/a FLOR DE MAYO
and HELMS REALTY CORP.,

                Defendants.

Case No. 17CV774

COMPLAINT

---

Plaintiff, LEON ROBINSON (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and alleges, as follows:

## INTRODUCTION

1. This is an action to redress discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. (the "ADA"), and its implementing regulations, 28 C.F.R. Part 36. Plaintiff also sets forth claims for unlawful discrimination under the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

## PARTIES

2. The Plaintiff has Cerebral Palsy. As a result, Plaintiff utilizes a wheelchair to ambulate. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the City and State of New York.

3. Defendant CHO FAMILIA DYNASTIA, INC. owns and operates a restaurant known as Flor de Mayo (hereinafter, the "Restaurant"). The Restaurant is a "place of public

accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); see 28 C.F.R. § 36.104.

4. Defendant HELMS REALTY CORP. owns the property known and designated as 2651 Broadway, New York, New York (the "Property"), where the Restaurant is located.

5. The Restaurant occupies the Property pursuant to written agreement.

6. The Defendants are jointly and severally liable to Plaintiff for violation of his civil rights under the ADA.

### JURISDICTION and VENUE

7. This Court has jurisdiction over the ADA claims pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State and City of New York.

8. Venue lies in this District pursuant to 28 U.S.C. § 1391(b). The acts of discrimination alleged in this complaint occurred in this District, and the public accommodation which is the subject of this action is situated in this District.

### STATEMENT OF FACTS

9. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a).

10. In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs.

11. If the Property is one which was designed and constructed for first occupancy subsequent to January 26,1993, as defined in 28 CFR 36.401, then the Defendants' public accommodation must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

12. Plaintiff lives near the Restaurant, but he is faced with barriers to his entry, as more fully described below.

13. The Restaurant serves a combination of Chinese-Peruvian food.

14. The Plaintiff's Cerebral Palsy has progressed through the years, now compelling him to use a wheelchair to travel, however, before he used a wheelchair, he ambulated with a cane and was a regular patron of the Restaurant.

15. He still orders "take out" but is no longer able to go inside to enjoy a meal. He is forced to have a friend or someone on the street go in and pick up his food as the steps at the door prevent his entry.

16. Plaintiff will continue to visit the Restaurant and will pick up his own takeout orders and again sit inside to eat once the barriers present at the Restaurant have been remediated.

17. Prior to commencement of this action, an investigation of the Restaurant was conducted, which revealed the following, including the statutory barriers[1] cited (all of which were observed by, or discussed with, Plaintiff prior to the filing of the Complaint):

There are two 3 inch high steps at the entrance. The outside door, which opens out

---

[1] Unless stated otherwise, the statutes cited hereunder refer to the 2010 ADA Standards for Accessible Design and are noted for reference to existing barriers and what remediation is necessary, not as violations of those statutes.

towards the sidewalk, leads to a foyer approximately 36 inches wide and 48 inches long. The inside foyer door swings into the foyer.

**The following is noted:**

a) The steps at the door create a rise within the maneuvering clearance at the entrance that the Plaintiff is unable to navigate in a wheelchair. This means there is no accessible route and prevents Plaintiff from entering (201.1, 206.2.1, 206.4, 402, 404).

b) Rises over ½ inch within the accessible route are required to be ramped so that persons in a wheelchair are not prevented from entering (303.4, 402.1, 402.2, 403.4 and 405.1)

c) There is no 48 inch clear space between the two doors in series, so that Plaintiff would be unable to make an independent entrance or exit (404, 404.2.4.1, 404.2.6 and 404.3).

18. Photographs showing the barriers described above are annexed as Exhibit A.

## CLAIMS FOR RELIEF

## CLAIM I

READILY ACHIEVABLE BARRIER REMOVAL

19. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

## CLAIM II

READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

20. In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 17, Defendants must provide readily achievable

alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

21. By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

22. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

23. In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

24. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4), by maintaining and/or creating an inaccessible place of public accommodation.

25. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 17. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation.

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above.

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

F. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

G. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

H. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: February 1, 2017

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, New York 10119
(212) 967-4440

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation.

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above.

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

F. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

G. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

H. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: February 1, 2017

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, New York 10119
(212) 967-4440

EXHIBIT A



